## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **QUITMAN NELSON #96536** | **CIVIL ACTION** |
| **versus** | **NO. 06-3225** |
| **N. BURL CAIN, WARDEN** | **SECTION: "R" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Quitman Nelson, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On March 18, 2002, he was convicted of forcible rape and simple kidnapping in violation of state law.[2] On May 17, 2002, he was sentenced on the forcible rape conviction to a term of forty years imprisonment, without benefit of probation, parole, or suspension of sentence, and on the simple kidnapping conviction to a term of five years imprisonment. It was ordered that his sentences run consecutively and that he be given credit for time served.[3] On January 29, 2003, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences.[4] He then filed with the Louisiana Supreme Court an untimely application for a writ of certiorari[5] which was denied on July 2, 2004.[6]

On or about September 7, 2004, petitioner filed with the state district court an application for post-conviction relief[7] which was denied on January 10, 2005.[8] He next filed with the Louisiana Fourth Circuit Court of Appeal an application for supervisory writs[9] which was denied

---

[2] State Rec., Vol. II of III, transcript of March 18, 2002, pp. 178-79; State Rec., Vol. I of III, minute entry dated March 18, 2002; State Rec., Vol. I of III, jury verdict forms.

[3] State Rec., Vol. II of III, transcript of May 17, 2002, pp. 13-15; State Rec., Vol. I of III, minute entry dated May 17, 2002.

[4] State v. Nelson, No. 2002-KA-1526 (La. App. 4th Cir. 2003) (unpublished); State Rec., Vol. I of III.

[5] State Rec., Vol. III of III.

[6] State ex rel. Nelson v. State, 877 So.2d 140 (La. 2004) (No. 2003-KH-2283); State Rec., Vol. III of III.

[7] State Rec., Vol. III of III.

[8] State Rec., Vol. III of III, minute entry dated January 10, 2005.

[9] State Rec., Vol. III of III.

on March 22, 2005.[10] He then filed with the Louisiana Supreme Court an application for supervisory writs[11] which was denied on February 17, 2006.[12]

On June 5, 2006, petitioner filed this federal application for *habeas corpus* relief.[13] In support of his application, petitioner claims:

    1. Prosecutorial misconduct;

    2. The trial court erred in allowing Mercedes Smith to testify as a "sexual assault nurse examiner";

    3. The expert witness illegally bolstered the victim's statement;

    4. Petitioner received ineffective assistance of counsel; and

    5. Petitioner was denied a fair trial due to the cumulative errors.

The state argues that petitioner's federal application is untimely.[14] For the following reasons, this Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[10] State v. Nelson, No. 2005-K-0213 (La. App. 4th Cir. Mar. 22, 2005) (unpublished); State Rec., Vol. III of III.

[11] State Rec., Vol. III of III.

[12] State *ex rel.* Quitman [sic] v. State, 924 So.2d 1002 (La. 2006) (No. 2005-KH-1405); State Rec., Vol. III of III.

[13] Rec. Doc. 4.

[14] Rec. Doc. 8.

conviction or sentence becomes "final."[15] Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

Based on those provisions, the state argues that petitioner's conviction became final for AEDPA purposes upon the expiration of his period for seeking timely review of the Louisiana Fourth Circuit Court of Appeal's judgment affirming his convictions and sentences. The Court finds that the state is correct.

Pursuant to Louisiana Supreme Court Rule X, § 5(a), a party has only thirty days to file with that court an application seeking review of a judgment of an intermediate court of appeal. Moreover, that rule expressly *prohibits* any extension of the thirty-day writ application deadline and provides for *no* exceptions. Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 1999).

In the instant case, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences on January 29, 2003.[16] Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A) and Louisiana Supreme Court Rule X, § 5(a), his convictions and sentences became final for AEDPA purposes thirty days later, i.e. on February 28, 2003, unless he filed a writ application with the Louisiana Supreme Court on or before that date.

---

[15] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

[16] State v. Nelson, No. 2002-KA-1526 (La. App. 4th Cir. 2003) (unpublished); State Rec., Vol. I of III.

The Court notes that petitioner subsequently filed a Louisiana Supreme Court writ application.[17] However, even applying the state mailbox rule to that filing,[18] the Court cannot consider that writ application to have been filed before the date on which it was signed and notarized, i.e. July 21, 2003, which was several months after the February 28 deadline. Because the writ application was clearly untimely, it did not affect the finality date of petitioner's convictions and sentences. Accordingly, the Court finds that petitioner's convictions and sentences became final on February 28, 2003, when his time expired for filing a timely writ application, and the federal statute of limitations commenced on that date. Once the statute of limitations has validly commenced, it cannot normally be "restarted" by collateral state court action.[19]

For the foregoing reasons, the Court finds that the one-year period that petitioner had to file his federal application for *habeas corpus* relief commenced on February 28, 2003, and expired on March 1, 2004,[20] unless that deadline was extended through tolling.

---

[17] State Rec., Vol. III of III, writ application in case number 2003-KH-2283.

[18] See Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006) (federal courts must apply the "mailbox rule" to Louisiana state court filings).

[19] The United States Fifth Circuit Court of Appeals has held:

> On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. See § 2244(d)(1), (2). So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. *See* § 2244(d)(2).

Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir. 2004).

[20] Because February 28, 2004, fell on a Saturday, the AEDPA's statute of limitations was extended until the end of the following Monday, March 1. See Flanagan v. Johnson, 154 F.3d 196,

The Court first looks to statutory tolling. The AEDPA provides: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). However, petitioner had no properly filed state applications pending during that period which would entitle him to statutory tolling.

While the Louisiana Supreme Court writ in case number 2003-KH-2283 was pending during that period, it was, as previously noted, untimely filed. Accordingly, it cannot be considered to have been "properly filed" so as to trigger § 2244(d)(2) tolling. Petitioner is entitled to no tolling credit for that untimely filing. See Williams v. Cain, 217 F.3d 303 (5th Cir. 1999); Petty v. Warden, Civ. Action No. 05-4772, 2006 WL 2883068, at *3 (E.D. La. Oct. 5, 2006); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005).

The undersigned further notes that, in petitioner's federal application, he alleges that he filed his post-conviction application with the state district court on September 7, 2004.[21] In that the state district court record in this case is unavailable to verify that allegation, the Court will, for the purpose of this decision, accept that allegation as true. However, because petitioner's federal statute of limitations had already expired on March 1, 2004, for the reasons previously set forth, the state post-conviction application filed long thereafter on September 7, 2004, has no bearing on the

---

202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

[21] Rec. Doc. 4, supporting memorandum, pp. 3 and 6.

timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).[22]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

---

[22] In its response, the state notes that petitioner had attached to his related state writ applications an unofficial copy of his state post-conviction application which he had dated January 20, 2004. Out of an abundance of caution, the state generously used that date as the filing date in its calculations. The undersigned finds that such generosity is unwarranted. Not only does petitioner fail to allege that his state application was filed in January, 2004, but also it is evident from the face of the filing that it could not have been filed that early, in that the accompanying memorandum in support expressly referenced the Louisiana Supreme Court's ruling of July 2, 2004. State Rec., Vol. III of III, memorandum in support of post-conviction application, p. 2. Further, as the state notes in response, petitioner's federal application would be untimely even if the state application were in fact filed in January, 2004.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before March 1, 2004, in order to be timely. Petitioner's federal application was not filed until June 5, 2006,[23] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Quitman Nelson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___21st___ day of November, 2006.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] Petitioner signed his federal *habeas corpus* application on June 5, 2006. Rec. Doc. 4. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).