UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

QUITMAN NELSON                          CIVIL ACTION

VERSUS                                  NO. 06-3225

BURL CAIN, WARDEN                       SECTION "R" (3)

<u>**ORDER AND REASONS**</u>

Before the Court is petitioner Quitman Nelson's objection to the magistrate judge's Report and Recommendation that his petition for a writ of habeas corpus be denied as untimely. Having reviewed de novo the petition, the record, the applicable law, the magistrate judge's Report and Recommendation, and the petitioner's objection, the Court ADOPTS the magistrate judge's Report and Recommendation and DENIES Nelson's petition for habeas relief as untimely.

**I.   BACKGROUND**

Petitioner Quitman Nelson is a state prisoner who is presently incarcerated in the Louisiana State Penitentiary at Angola, Louisiana.  On March 18, 2002, he was convicted of

forcible rape and simple kidnapping.[1]  He was sentenced on May 17, 2002, on the forcible rape conviction to a term of 40 years imprisonment, without benefit of probation, parole, or suspension of sentence.  On the simple kidnapping conviction he was sentenced to a term of five years.  It was ordered that his sentences run consecutively, and that he be given credit for time served.[2]  On January 29, 2003, the Louisiana Fourth Circuit Court of Appeals affirmed petitioner's convictions and sentences.[3] Petitioner then filed with the Louisiana Supreme Court an untimely application for a writ of certiorari[4], which was denied on July 2, 2004.[5]

On or about September 7, 2004, petitioner filed with the state district court an application for post-conviction relief,[6]

---

[1] State Rec., Vol. II of III, transcript of March 18,2002, pp. 178-179; State Rec., Vol. I of III, minute entry dated March 18, 2002; State Rec., Vol. I of III, jury verdict forms.

[2] State Rec., Vol. II of III, transcript of May 17, 2002, pp. 13-15; State Rec., Vol. I of III, minute entry dated May 17, 2002.

[3] *State v. Nelson*, No. 2002-KA-1526 (La. App. 4th Cir. 2003)(unpublished); State Rec., Vol. I of III.

[4] State Rec., Vol. III of III.

[5] *State ex rel. Nelson v. State*, 877 So.2d 140 (La. 2004)(No. 2003-KH-2283); State Rec., Vol. III of III.

[6] State Rec., Vol. III of III.

which was denied on January 10, 2005.[7]  He then filed with the Louisiana Fourth Circuit Court of Appeals an application for supervisory writs,[8] which was denied on March 22, 2005.[9]  He next filed an application for supervisory writs with the Louisiana Supreme Court,[10] which was denied on February 17, 2006.[11]

On June 5, 2006, petitioner filed this habeas petition under 28 U.S.C. § 2254.  Nelson alleges the following five grounds for relief: (1) prosecutorial misconduct; (2) error in the trial court's allowing Mercedes Smith to testify as a "sexual assault nurse examiner"; (3) illegal bolstering by a prosecution witness; (4) ineffective assistance of counsel; and (5)denial of a fair trial due to these cumulative errors.

---

[7] State Rec., Vol. III of III, minute entry dated January 10, 2005.

[8]State Rec., Vol. III of III.

[9] *State v. Nelson*, No. 2005-K-0213 (La. App. 4th Cir. Mar. 22, 2005) (unpublished); State Rec., Vol. III of III.

[10] State Rec., Vol. III of III.

[11] *State ex rel. Quitman [sic] v. State*, 924 So.2d 1002 (La. 2006) No. 2005-KH-1405; State Rec., Vol. III of III.

## II.  DISCUSSION

### A.   Timeliness of Nelsons' Habeas Petition

The State argues that petitioner's federal application is untimely. Congress enacted a strict statute of limitations for habeas corpus proceedings as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA generally sets forth for § 2254 claims, "[a] 1-year period of limitation" for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C § 2244(d)(1).  The one-year period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final for purposes of the AEDPA upon the expiration of his period for seeking timely review of the Louisiana Forth Circuit Court of Appeal's judgment affirming his convictions and sentences.  Louisiana Supreme Court Rule X, Section 5(a) provides that a party has thirty days to

file with that court an application seeking review of a judgment of an intermediate court of appeal.  Court Rule X, Section 5(a) "sets out no specific exceptions to, or exclusions from, this requirement." *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 1999).  This rule "forbids any extension of the thirty-day limit." *Id.*

The Louisiana Fourth Circuit Court of Appeals affirmed petitioner's convictions and sentences on January 29, 2003.[12] For purposes of AEDPA, pursuant to Section 2244(d)(1)(A) and Louisiana Supreme Court Rule X, Section 5(a), petitioner's convictions and sentences became final thirty days after January 29, 2003, which was February 28, 2003, because he did not timely file a writ application with the Louisiana Supreme Court on or before that date.

Petitioner did subsequently file a writ application with the Louisiana Supreme Court. However, it was not timely filed. Therefore, because the writ application was not timely filed, it did not affect the finality date of petitioner's convictions and sentences.  The state mailbox rule does not assist petitioner because petitioner's writ was signed and notarized on July 21,

---

[12] State v. Nelson, No. 2002-KA-1526 (La. App. 4th Cir. 2003) (unpublished); State Rec., Vol. I of III.

5

2003 after the February 28th deadline.[13]  Thus, the one-year
period that petitioner had to file his federal application for
habeas corpus relief began on February 28, 2003, and expired on
March 1, 2004,[14] unless that deadline was extended by statutory
or equitable tolling.

**B.   Statutory Tolling**

Under AEDPA, "[t]he time during which a properly filed
application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall
not be counted toward any period of limitation under this
subsection."  28 U.S.C. § 2244(d)(2).  As explained, *supra*,

---

[13] Federal courts must apply the "mailbox rule" to
Louisiana state court filings. *Causey v. Cain*, 450 F.3d 601,
604-05 (5th Cir. 2006).  Under both Louisiana and federal law, *a
pro se* petitioner's application for post-conviction relief is
deemed "filed" at the moment it is placed in the prison mail
system. *Causey*, 450 F.3d at 604 (citing Houston v. Lack, 487
U.S. 266, 270-71).  The logic behind the rule is that *pro se*
prisoners are at the mercy of prison authorities and cannot
personally go to the courthouse to ensure timely filing. *Id.* at
604 (citing *Houston v. Lack*, 487 U.S. 266, 270-74*)*.

[14] February 28, 2004 was a Saturday, and therefore the
AEDPA's statute of limitations was extended until the end of the
following Monday, March 1, 2004.  See *Flanagan v. Johnson*, 154
F.3d 196, 202 (5th Cir. 1998).  In *Flanagan*, the Fifth Circuit
held that Federal Rule of Civil Procedure "6(a) applies to the
computation of the one year limitation period in Section
2244(d)of AEDPA."  154 F.3d at 202.  Rule 6(a) states that if the
last day of an applicable period is a Saturday, a Sunday, or a
legal holiday, the period runs until the end of the next day that
is not one of the aforementioned days.

petitioner did not properly file his state application. Therefore, he did not have a properly filed state application pending during the period that would entitle him to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

Although petitioner's writ in case number 2003-KH-2283 in the Louisiana Supreme Court was pending during the applicable period, it was not timely filed. A petitioner is not entitled to tolling for an untimely filing. *See Williams v. Cain*, 217 F.3d 303, 310-11 (5th Cir. 1999). Therefore, the statutory tolling provision of 28 U.S.C. § 2244(d)(2) does not apply to petitioner's case.  The statute of limitations had expired on March 1, 2004 and the state post-conviction application was filed after this deadline on September 7, 2004.[15]  Therefore, petitioner's state post-conviction application has no bearing on the timeliness of petitioner's federal application.

**C. Equitable Tolling**

Nelson does not present any evidence that merits the application of equitable tolling.  The Supreme Court has not decided whether the AEDPA limitations period may be equitably tolled.  *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007)(citing *Lawrence v. Florida*, ___ U.S. ___,  127 S. Ct. 1079,

---

[15], Rec. Doc. 4, supporting memorandum, pp. 3 and 6.

1085 (2007)). However, the Supreme Court, in assuming without deciding equitable tolling is available, established that in order to be entitled to equitable tolling, a petitioner "must show (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Johnson*, 483 F.3d at 286 (quoting *Lawrence*, 127 S. Ct. at 1085 (2007)). Petitioner, in his Objection, argues that the Berniard Litigation Firm and/or Attorney Karen G. Arena is responsible for his missing the deadline for his federal application for habeas corpus relief, and therefore he is entitled to equitable tolling. Petitioner's argument is without merit. "[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling." *Johnson*, 483 F.3d at 286 (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Furthermore, "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction [*sic*] context where prisoners have no constitutional right to counsel." *Lawrence***,** 127 S.Ct. at 1085. Moreover, in *Johnson*, the Fifth Circuit held that an attorney's computer failure on the due date

8

did not demonstrate the rare and exceptional type of circumstance that would entitle a petitioner to equitable tolling.  *See Johnson*, 483 F.3d at 287.  Nelson has not established that he pursued his rights diligently, nor has he established an extraordinary circumstance that in some way prohibited him from meeting the statutorily required deadline for his federal application for habeas corpus relief.  Therefore, the Court finds that Nelson's petition is time-barred, and the Court is unable to consider it.


**IV.   CONCLUSION**

For the foregoing reasons, the Court ADOPTS the magistrate judge's report and recommendation and ORDERS that petitioner's application for habeas corpus relief be DISMISSED with prejudice.



New Orleans, Louisiana, this  9th  day of January 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE


9